O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R., | Case No. 2:22-cv-05136-KES |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| FRANK BISIGNANO, | AND ORDER |
| Commissioner of Social Security[1], | |
| Defendant. | |

**I.**

**INTRODUCTION**

On July 25, 2022, Plaintiff Scott R. ("Plaintiff") filed a Complaint for review of denial of social security disability benefits. (Dkt. 1.) On October 24, 2022, the parties stipulated to remand the case for further administrative proceedings because the "recording of the hearing … had technical problems which interfered with

---

[1] Frank Bisignano became Commissioner of Social Security on May 7, 2025. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. The Clerk is directed to update the electronic docket accordingly.

1

transcription, resulting in an incomplete administrative record." (Dkt. 14.) Accordingly, the Court remanded the case. (Dkt. 15.)

On October 30, 2024, an Administrative Law Judge ("ALJ") published a partially favorable decision. Administrative Record ("AR") 1-19. On February 21, 2025, the parties filed a stipulation to reopen the case and set a briefing schedule. (Dkt. 16.) Plaintiff filed Plaintiff's Brief under Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) asking this Court to reverse the unfavorable portion of the ALJ's decision and remand for calculation of benefits. ("PB" at Dkt. 19.) Defendant filed a Commissioner's Brief under Rule 7. ("CB" at Dkt. 22.) Defendant concedes that the ALJ erred but nevertheless urges this Court to remand the case for further administrative proceedings. (Id.) Plaintiff filed a Reply Brief. ("PRB" at Dkt. 23.)

## II.
## BACKGROUND

### A. The ALJ's First Decision.

In April 2019, Plaintiff filed an application for Title II Disability Insurance Benefits ("DIB") alleging a disability onset date of February 1, 2019, when he was fifty years old. AR 314. On January 19, 2021, an ALJ conducted a hearing at which Plaintiff, who appeared via teleconference and was represented by counsel, testified, along with a Vocational Expert ("VE"). AR 57-67. On May 10, 2021, the ALJ published an unfavorable decision. AR 114-122.

The ALJ found that Plaintiff suffered from the severe, medically determinable impairments ("MDIs") of "chronic heart failure, ischemic heart disease, and cardiac dysrhythmias …." AR 117. Despite these MDIs, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with some additional restrictions. AR 117. Based on the RFC findings, the VE's testimony, and other evidence, the ALJ found that Plaintiff was unable to perform his past relevant work as a baseball coach (Dictionary of Occupational

Titles ("DOT") 153.227-010), but he could work as a teacher's aide (DOT 249.367-074), a physical instructor (DOT 153.227-014), and a recreational facility manager (DOT 187.167-230). AR 121-22. The ALJ concluded that Plaintiff was not disabled. AR 122.

On July 25, 2022, Plaintiff appealed this decision to the District Court. AR 97-100. On October 25, 2022, the Court remanded the case under sentence six per the parties' stipulation because technical problems prevented a complete recording of the January 19, 2021 hearing. AR 101-104; Dkt. 14.

Meanwhile, Plaintiff "filed a subsequent claim for Title II period of disability and disability insurance benefits on August 22, 2022." AR 108.

### B. The ALJ's Second Decision.

On March 21, 2024, the ALJ conducted a telephonic hearing at which Plaintiff, who appeared via teleconference and was represented by counsel, testified, along with a VE. AR 32-56. On July 24, 2024, the ALJ conducted a supplemental telephonic second hearing at which a medical expert ("ME") testified about Plaintiff's heart condition and resulting limitations. AR 22-31.

On October 30, 2024, the ALJ published a partially favorable decision. AR 1-19. The ALJ determined that, since February 1, 2019, Plaintiff had the RFC to perform light work "except occasionally balance, stoop, kneel, crouch, crawl and climb ramps/stairs, ladders, ropes, and scaffolds." AR 7. The ALJ determined that Plaintiff "has no past relevant work …." AR 10. The ALJ further found that "[p]rior to the established disability onset date, [Plaintiff] was an individual closely approaching advanced age." AR 10. On March 2, 2023, Plaintiff turned fifty-five, and the "age category changed to an individual of advanced age …." AR 10. "Prior to March 2, 2023, the date [Plaintiff's] age category changed, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed …." AR 10.

However, "[b]eginning on March 2, 2023, the date [Plaintiff's] age category changed, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform …." AR 11. After that date, "considering [Plaintiff's] age, education, and work experience, a finding of 'disabled' is reached by direct application of Medical-Vocational Rule 202.04."[2] AR 11. In other words, the ALJ found that Plaintiff was not disabled between the alleged onset date of February 1, 2019, and his fifty-fifth birthday on March 2, 2023, but applying the Grids, he became disabled as of that date. AR 11.

## III.
## LEGAL STANDARD

Federal district courts review administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). District courts can reverse an administrative decision only if the ALJ made an error of law or factual findings without substantial evidentiary support. Id.; Shaibi v. Berryhill, 883 F.3d 1102, 1106 (9th Cir. 2018). District courts have the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Under the rule of mandate, on remand, the ALJ must follow the directives of the district court. Stacy v. Colvin, 825 F.3d 563, 566 (9th Cir. 2016). Reversal is warranted if the ALJ's decision "exceeds the scope of and/or contravenes district court remand orders." Alfaro-Burciaga v. Saul, No. 8:19-CV-

---

[2] The Medical-Vocational Guidelines, commonly referred to as the Grids, are a matrix system for handling claims that involve substantially uniform levels of impairment. See 20 C.F.R. pt. 404, subpt. P, app 2. According to the Grids, an individual in the "advanced age" category with a high school education who is limited to light work and who lacks transferable skills – like Plaintiff after March 2, 2023 – qualifies as disabled. Julia R. v. Acting Comm'r of Soc. Sec., No. 1:24-cv-00011-RRB, 2025 U.S. Dist. LEXIS 40637, at *15 (D. Alaska Mar. 4, 2025).

00320-VEB, 2020 U.S. Dist. LEXIS 158499, at *12 (C.D. Cal. Aug. 31, 2020).

Generally, when a district court reverses an ALJ's decision, it remands "to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004). However, when "it is clear from the record that the claimant is unable to perform gainful employment in the national economy … remand for an immediate award of benefits is appropriate." Id. Under the Ninth Circuit's credit-as-true rule, courts may credit as true improperly rejected medical opinions or claimant testimony and remand for an award of benefits if each of the following conditions is satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1202 (9th Cir. 2008)). If the "credit-as-true rule" is satisfied, the district court may remand for further proceedings instead of for an award of benefits, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021.

A district court's "determination whether the remand should be for further proceedings or for immediate payment of benefits" is reviewed for abuse of discretion. Harman v. Apfel, 211 F.3d 1172, 1175, 1178 (9th Cir. 2000).

### IV.
### DISCUSSION

The parties have stipulated that this case satisfies the second condition for applying the credit-as-true rule, i.e., the ALJ failed to give sufficient reasons for discounting the testimony of ME cardiologist Harvey Alpern, M.D. The Court, therefore, considers the other two, both of which must be satisfied for the credit-as-

5

true rule to apply.

**A. Development of the Record.**

Defendant contends that more information is needed to understand Dr. Alpern's assessment of Plaintiff's ability to stand and walk because the record contains conflicting evidence. (CB at 4.) Specifically, Dr. Alpern opined that Plaintiff could only stand or walk two hours in an eight-hours workday. AR 29. Neither the ALJ nor Plaintiff's counsel questioned Dr. Alpern about the reasoning underlying this opinion. AR 29-30. In contrast, Plaintiff testified that he could stand for up to four hours plus walk for up to two hours. (CB at 4, citing AR 29, 44.) Similarly, the state agency consultants' opinions found that Plaintiff could stand and/or walk for about six hours in an eight-hour workday and could perform light work. AR 76-77, 87-88. The consultative examiner opined that Plaintiff had no standing, walking, or sitting limitations. AR 1036. Those earlier medical opinions, however, were rendered in 2019, before Plaintiff required an additional heart surgery in 2023. AR 68-79, 81-90, 1031-39, 1221. Finally, the ALJ failed to evaluate an opinion from Plaintiff's treating physician that "did not identify *any* limitations in standing or walking …" because those portions of the form were left blank. (CB at 4-5, citing AR 1089-90 (emphasis in original).)

Defendant also argues that remand would enable the "ALJ to consolidate Plaintiff's current claim with his later claim filed in August 2022." (CB at 4.) This would permit the ALJ to review "[e]vidence from the file for the later claim [that] pertains to the period prior to March 2, 2023 and is relevant to the ALJ's evaluation of whether Plaintiff was disabled during that time." (Id.) Plaintiff says that the subsequent application is moot because the ALJ found Plaintiff disabled as of March 2, 2023 (PRB at 4), but because that application was filed in August 2022, it addresses several months during the period at issue.

Ultimately, the facts that Dr. Alpern's opinions restricted Plaintiff more than his own testimony, that some of the medical opinion evidence was stale or not

6

discussed, and that no one questioned Dr. Alpern about the reasons for his standing/walking limitations, persuade the Court that further administrative proceedings to develop the record would be useful. This conclusion is reinforced by the facts that (1) a remand for further proceedings will allow the ALJ to consolidate this claim with the claim filed in August 2022 and (2) the stipulated remand in October 2022 was not the result of the ALJ's error but instead a technical problem with the recording equipment.

**B. The Effect of Crediting Dr. Alpern's Testimony.**

The Court declines to address this issue, having already found that one of the three conditions needed to apply the credit-as-true doctrine has not been satisfied.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that (1) the Motion for Remand (Dkt. 19) is GRANTED; and (2) Judgment shall be entered REVERSING the portion of the Commissioner's decision denying benefits and REMANDING the case for further proceedings consistent with this decision, including development of the record.

DATED: June 24, 2025

_____
KAREN E. SCOTT
United States Magistrate Judge